**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL WINN,<br><br>　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>D. W. NEVEN; et al.,<br><br>　　　　　　Defendants-Appellees. | No.　18-16710<br><br>D.C. No. 2:16-cv-00273-GMN-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted October 15, 2019[**]

Before:　FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

　　Nevada state prisoner Manuel Winn appeals pro se from the district court's summary judgment in his action alleging violations of 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act.　We have jurisdiction under 28 U.S.C. § 1291.　We review de novo.　*Toguchi v. Chung*, 391 F.3d 1051, 1056

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2004) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Winn's claims against defendants McDaniel, Neven, and Fierro because Winn failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (requirements for establishing supervisory liability).

The district court properly granted summary judgment on Winn's due process claim against defendants Thompson and Barth arising from his prison disciplinary proceeding because Winn failed to raise a genuine dispute of material fact as to whether he was denied any procedural protections that were due. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (due process requirements for prison disciplinary proceedings); *see also Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports prison disciplinary decision).

The district court properly granted summary judgment on Winn's retaliation claim against defendant Evangelista because Winn failed to raise a genuine dispute of material fact as to whether his protected activity motivated Evangelista's

allegedly retaliatory conduct.  *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of a retaliation claim in the prison context).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-16710